**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **RICARDO BUELNA,** ) </br> ) </br> Defendant/Movant, ) </br> ) </br> v. ) </br> ) </br> **UNITED STATES OF AMERICA** ) </br> ) </br> Plaintiff/Respondent ) </br> ) </br> _____ ) | **CR  02-00155 PHX JAT** </br> **CIV 09-00240 PHX JAT (MEA)** </br></br> **REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JAMES A. TEILBORG:**

Mr. Ricardo Buelna ("Movant") is in the custody of the Federal Correctional Institution in Terra Haute, Indiana. On or about January 23, 2009, Movant filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, regarding a criminal conviction and sentence entered by the Court. Movant filed an amended motion on May 18, 2009. Respondent filed a Response to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 on September 21, 2009. See Docket No. 11. Movant filed a reply to the response on or about September 30, 2009. See Docket No. 12. With the Magistrate Judge's permission, Movant also filed a reply to the response on November 2, 2009. See Docket No. 15.

**I  Procedural History**

In February of 2002, Movant was charged by a grand jury indictment with Conspiracy to Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841 and 846, and Attempted Possession with the Intent to Distribute Cocaine, also in violation of 21 U.S.C. §§ 841 and 846. Movant and his co-defendants were tried by a jury in late November and early December 2002. On December 12, 2002, the jury returned verdicts of guilty as to all defendants on all counts charged. On April 14, 2003, Movant was sentenced to the mandatory statutory minimum sentence of 240 months imprisonment on both counts of conviction, the terms to be served concurrently, followed by a term of ten years supervised release.

Movant filed a timely appeal of his convictions and sentences on April 18, 2003. On June 6, 2007, Movant filed an opening brief in his direct appeal asserting he was entitled to relief because, he alleged, the admission of an out-of-court statement of an unavailable declarant violated the Confrontation Clause and because the evidence was insufficient to convict the defendant of conspiracy to possess with intent to distribute cocaine and attempted possession with intent to distribute cocaine.[1] The Ninth Circuit Court of Appeals affirmed Movant's

---

[1] It is possible that the interval in pleading in Movant's direct appeal was the result of activity in the direct appeal of his co-defendant, Steve Dobson. The Ninth Circuit Court of Appeals heard oral argument regarding Mr. Dobson's direct appeal on November 2, 2004. On November 23, 2004, the Ninth Circuit Court of Appeals affirmed Mr. Dobson's convictions and sentences in a memorandum decision. See United States v. Martin, 117 Fed. App. 509 (9th Cir. 2003). Mr. Dobson petitioned for certiorari of this decision, which petition was denied on January 23, 2006. In 2007 the Court denied relief in Mr. Dobson's section 2255 action. See 2:06 CV 1539.

-2-

convictions and sentences in a memorandum decision issued October 25, 2007. See United States v. Buelna, 252 Fed. App. 790, 2007 WL 3194833 (the mandate is at Criminal Docket No. 356). Movant did not seek certiorari from the United States Supreme Court.

In his section 2255 action Movant asserts he is entitled to relief from his convictions and sentences pursuant to section 2255 because he was deprived of his right to the effective assistance of counsel. Movant argues that his counsel's performance was unconstitutionally ineffective because counsel failed to advise him of the consequences of going to trial rather than pleading guilty. Movant also asserts his counsel failed to advise Movant to plead guilty and that counsel failed to make adequate efforts to obtain a plea offer.

**II Analysis**

Claims of ineffective assistance of counsel are properly raised for the first time in a section 2255 action. See United States v. McKenna, 327 F.3d 830, 845 (9th Cir. 2003).

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" Id.

United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996).

| | |
|---|---|
| 1 | In order to find that Movant was deprived of the |
| 2 | effective assistance of counsel and grant him habeas relief, the |
| 3 | Court must conclude counsel's performance was incompetent and |
| 4 | that his deficient trial performance prejudiced Movant. |

> [N]ot every case of deficient performance under Strickland represents a constructive denial of the right to counsel. In fact, it will be the rare claim of ineffective assistance that is tantamount to a constructive denial of counsel. Strickland remains the norm for ineffective assistance claims, and the Supreme Court has made clear that it will not countenance a per-se prejudice exception which will swallow the actual prejudice Strickland rule.

Glover v. Miro, 262 F.3d 268, 276-77 (4th Cir. 2001). See also Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001); United States v. Cruz-Mendoza, 147 F.3d 1069, 1072 (9th Cir. 1998).

Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991). Movant must establish that, but for counsel's error, the result of his trial would have been different. See Hasan, 254 F.3d at 1154. Additionally, Movant bears the burden of providing sufficient evidence from which the Court can conclude his counsel was ineffective. See Turner v. Calderon, 281 F.3d 851, 878 (9th Cir. 2002).

Movant's allegations regarding his counsel's alleged failures is belied by the record in this matter. The record demonstrates that Movant was aware of the consequences of proceeding to trial rather than pleading guilty. Movant's counsel informed him of the mandatory statutory minimum sentence of twenty years incarceration if Movant was convicted of either

charge. See Docket No. 11, Attach. A. Additionally, Movant was privy to a copy of the United States Probation Department's Criminal Settlement Conference report, which stated that Movant faced a statutory mandatory minimum sentence of twenty years incarceration if he was convicted on either charge. See id., Attach. B. Movant's defense counsel reviewed this report with Movant at the time of the Settlement Conference on July 22, 2002. See id., Attach. A.

Furthermore, on August 28, 2002, when Movant advised the Court that he wanted to represent himself, Movant was advised by the Court on the record that he was facing a mandatory twenty year sentence as a consequence of conviction. See Criminal Docket No. 78 & 79. Movant's claim that he was not advised of the consequences of proceeding to trial is factually false.

Additionally, Movant's assertion that his counsel did not attempt to obtain a plea offer or advise him that he should plead guilty are contrary to the record. Movant's defense counsel was informed by the government that a sentence below the statutory minimum would require Movant's cooperation in prosecuting his co-defendants. See Docket No. 11, Attach. A. Additionally, at the time of the Settlement Conference, Movant was informed by the government that the only way he could receive a sentence of less than twenty years was to cooperate against his co-defendants. See id., Attach. A. Movant would not agree to cooperate with the government and he insisted on proceeding to trial. See id., Attach. A. Movant's counsel has also stated that he advised Movant to cooperate with the

-5-

government, but Movant rejected the advice and indicated he wanted to proceed to trial.[2]

In response to the answer to his section 2255 motion, Movant seeks to supplement his amended section 2255 motion. Movant argues he may now add a claim to his section 2255 motion which is timely because any such claim "relates back" to the date his motion was filed. Movant seeks to add a claim that his counsel was ineffective for failing to object to Movant's sentence being enhanced from ten years to twenty years based on Movant's prior conviction in a different state. Movant contends his counsel was ineffective because counsel did not require the government to prove the prior conviction beyond a reasonable doubt. Movant reiterates that, but for his trial counsel's allegedly faulty advice, he was unaware of the potential sentence he faced if he was found guilty. Movant also contends "trial counsel fail[ed] to obtain a plea agreement." Docket No. 12.

In reply to the answer to his motion, Movant contends counsel failed "to inform Mr. Buelna that he was proceeding to trial with two invalid defenses." Movant contends his counsel erred by asserting an entrapment defense and that Movant could not be found guilty of conspiracy because his alleged co-conspirators were a government informant and an undercover agent. Movant contends his lack of awareness of the

---

[2] Mr. Buelna moved to represent himself, which motion was granted on August 28, 2002. Mr. Ochoa was ordered to serve as stand-by counsel. On or about November 13, 2002, on the eve of trial, Mr. Buelna moved to Court to reinstate Mr. Ochoa as his counsel, which motion was granted. See Criminal Docket No. 79 & Criminal Docket No. 99.

"invalidity" of these defenses were not reasonable and, accordingly, that his counsel was unconstitutionally ineffective.

Pursuant to section 2255, the Court's "[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1996). With regard to the prejudice prong of the Strickland analysis, the probability of prejudice may not be based merely upon conjecture or speculation. See Mickens v. Taylor, 535 U.S. 162, 175-76, 122 S. Ct. 1237, 1246 (2002). When deciding whether trial counsel's performance was deficient, "[t]here is a strong presumption that trial counsel's conduct is the result of trial strategy, and strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Sinclair v. Wainwright, 814 F.2d 1516, 1519 (11th Cir. 1987) (citations omitted). To overcome the presumption of reasonableness, a section 2255 movant must show that no competent lawyer, under the same or similar circumstances, would have taken the action that his counsel took. Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994). "[C]ounsel's reliance on particular lines of defense to the exclusion of others-whether or not he investigated those other defenses-is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." Chandler v. United States, 218 F.3d 1305, 1318 (11th Cir. 2000) ( en banc ).

Movant has not met his burden of providing sufficient evidence from which the Court can conclude his counsel's performance was incompetent or that Movant was prejudiced by any alleged error. The government and Movant's defense counsel aver that any plea agreement providing for a sentence below the statutory minimum of twenty years would have required Movant's cooperation against his co-defendants. Although defense counsel recommended to Movant that he cooperate, Movant declined and insisted on going to trial. Movant's counsel could not "force" the government to offer Movant a plea agreement he wanted, nor would Movant have received a lesser sentence if he had pled guilty without a plea agreement. Movant's self-serving statements in his section 2255 pleadings that he would have taken a plea agreement if he had effective representation is insufficient to establish that he would have cooperated with the government. See, e.g., United States v. Allen, 153 F.3d 1037, 1041 (9th Cir. 1998).

**III Conclusion**

Movant has not established that he was deprived of his constitutional right to the effective assistance of counsel because he offers no evidence his counsel's performance was deficient or that he was prejudiced by any alleged deficiency.

**IT IS THEREFORE RECOMMENDED** that Mr. Buelna's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 12th day of November, 2009.

_____
Mark E. Aspey
United States Magistrate Judge