1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | CR 02-00155-PHX-JAT |
|---|---|---|
| Plaintiff/Respondent, | ) | CV 09-00240-PHX-JAT (MEA) |
| vs. | ) | **ORDER** |
| Ricardo Buelna, | ) | |
| Defendant/Movant. | ) | |

Pending before the Court are (1) Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. # 1) as amended (Doc. # 5) (the "habeas petition"); (2) Government's Response in Opposition to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 11); (3) Movant's Reply in Support of his Motion to Vacate (Doc. # 13); (4) The Magistrate Judge's Report and Recommendation to the Court (Doc. # 17); (5) Movant's Objections to the Report and Recommendation (Doc. # 19); (6) Government's Response to Movant's Objections to the Report and Recommendation (Doc. # 20); and (7) Movant's Motion to Expand the Record (Doc. # 21).

The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") (Doc. # 17) which recommended that the habeas petition be denied. Movant has filed objections to the R&R (Doc. # 19). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1). This Court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009).

Movant asserts that he was denied ineffective assistance of counsel. The Magistrate Judge has identified four theories of ineffective assistance raised by Movant. These theories are as follows: 1) Movant's Counsel failed to advise him of the consequences of going to trial rather than pleading guilty; 2) Movant's Counsel failed to advise him to plead guilty and failed to make adequate efforts to obtain a plea offer; 3) Movant's Counsel failed to object to his sentence being enhanced from ten years to twenty years, based on his prior conviction in a different state and did not require the Government to prove that conviction beyond a reasonable doubt; and 4) Movant's Counsel failed to inform him that he was proceeding with two invalid defenses and erred in proceeding with an entrapment defense. Movant's objections (Doc. # 19) are presented in a narrative form and are not organized into four separate theories of ineffective assistance. In addressing these objections, the Court will construe the objections liberally and assume that Movant intended to object to the R&R on all four theories of ineffective assistance. Accordingly, the Court will review the entire R&R de novo.

## I. LEGAL STANDARD

Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotation omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. To demonstrate prejudice, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id.* at 694. Without specifics that cause the court to have such doubts, a claim of ineffective assistance of counsel must be denied. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (noting that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## II. DISCUSSION

Movant first argues that his Counsel failed to advise him of the consequences of going to trial rather than pleading guilty. The Court is satisfied that Movant was fully aware of the consequences of proceeding to trial rather than pleading guilty. The record demonstrates that Movant's counsel informed him that if he was convicted as charged, he would be subject to a mandatory minimum sentence of twenty years incarceration. (Doc. # 17 at 5; Doc. # 11, Attach. A at 1). Further, Movant's counsel reviewed a Criminal Settlement Conference Report with Movant which stated the mandatory minimum sentence if convicted was "not less than 20 years." (Doc. # 11., Attach. A at 1–2 & Attach B. at 3). In an August 28, 2002 Motion Hearing, the Government explained to the Court and Movant that he was facing a mandatory minimum sentence of twenty years if he proceeded to trial. (Doc. # 213 in CR02-155 at 13–14). The Court then engaged in the following exchange with Movant:

> The Court: Mr. Buelna, did you understand what Mr. Pimsner was saying, that you face the potential of life in prison and a mandatory minimum of 20 years?
> The Defendant: Yes, I understand that.
> The Court: So you understand the consequences of a conviction or convictions in this matter. Is that correct?
> The Defendant: Yes, sir.

(*Id.* at 14). At the Final Pretrial Conference of November 13, 2002, Defendant, in trying to explain to the Court the importance of his ability to research in the library at CCA, reiterated that he knew he was facing a sentence of "20 to life." (Doc. # 214 in CR02-155 at 16). Accordingly, the Court finds that Movant was fully aware of the consequences of proceeding to trial. Therefore, this Objection is overruled.

In his next claim of ineffective assistance, Movant argues 1) that he was offered a plea agreement that his Counsel did not communicate to him,[1] 2) that his Counsel failed to make adequate efforts to obtain a plea offer, and 3) that his counsel failed to advise him to plead guilty. These assertions are contradicted by the record. The record shows that despite Counsel's efforts to obtain a plea offer for Movant, the Government was only willing to offer Movant a sentence below the statutory minimum of twenty years if he chose to cooperate in the prosecution of his co-defendants. (Doc. # 11, Attach. A at 2). On more than one occasion, Counsel advised Movant that cooperation against his co-defendants was in his best interest, but Movant persistently indicated that he did not want to cooperate and wanted to proceed to trial. (*Id.*). Because the record entirely contradicts Movant's assertions with regard to this claim, these Objections are overruled.

Movant further argues that his Counsel failed to object to his sentence being enhanced from ten years to twenty years, based on Movant's prior conviction in a different state. Movant's sentence was enhanced pursuant to 21 U.S.C. §§ 846, 841(a)(1) and § 841(b)(1)(A). This statutory enhancement is mandatory and would have been enforced whether or not Movant's counsel objected to the enhancement. Movant also argues that his Counsel was ineffective because he did not require the Government to prove Movant's prior conviction beyond a reasonable doubt. Movant does not contest that he did have a prior conviction in another state, but merely argues that his attorney did not require the Government to prove the prior conviction. The Court is satisfied that Movant's prior conviction was properly proved to the trial court. The record reflects that the Government attached a certified copy of the prior

---

[1] To support this argument, Movant has filed a Motion to Expand the Record (Doc. # 21). Through this motion, Movant seeks to add a portion of a transcript (Doc. # 46 in CR02-1000) to prove his assertion that he was offered a plea agreement that his Counsel did not communicate to him. The transcript that Movant seeks to add only supports his Counsel and the Government's claim that, at a settlement conference, he communicated to them that he was unwilling to accept the type of offer contained in the proposed plea agreement. (*Id.* at 3–4). Accordingly, Movant's assertion that there was a plea agreement that was never communicated to him is unsupported by this additional transcript and the Motion to Expand the Record is denied as futile.

conviction to its Information filed July 1, 2002 (Doc. # 54 in CR02-155) and admitted a certified copy of the prior conviction to the record during Movant's sentencing hearing on April 14, 2003 (Doc. # 225 in CR02-155 at 11–12). At a status hearing held on February 24, 2003, Movant's counsel explained to the court that Movant was unwilling to admit the prior conviction, but that Counsel was unable to find any basis in objecting to the conviction. (Doc. # 224 in CR02-155 at 4–5). Counsel went on to request an extension from the Court so that he could further investigate the matter "out of an abundance of caution." (*Id.* at 7). Thereafter, at the April 14, 2003 sentencing hearing, Movant's counsel explained that despite his further investigation, he had no evidence with which to attack the admittance of the prior conviction. (Doc. # 225 in CR02-155 at 12). Thus, it would have been futile for Counsel to make any objection to the admittance of the prior conviction, since he had no basis for such an objection. Counsel's failure to take a futile action can never constitute deficient performance. *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). Accordingly, this theory of ineffective assistance fails and this Objection is overruled.

Finally, Movant asserts that his Counsel failed to inform him that he was proceeding with two invalid defenses and erred in proceeding with an entrapment defense. Counsel's tactical decisions with which Movant disagrees cannot be the basis for an ineffective assistance claim. *See Morris v. California*, 966 F.2d 448, 456 (9th Cir. 1991); *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) (stating that "[m]ere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation.") (internal citation omitted). Courts "need not determine the actual explanation" for counsel's actions so long as they fall within the range of reasonable representation. *Morris*, 966 F.2d at 456. Movant has the burden of demonstrating that "the challenged action could not be viewed as sound trial strategy." *Pinholster v. Ayers*, 590 F.3d 651, 664 (9th Cir. 2009). Movant has not met his burden. Movant has provided no evidence to show that his Counsel's actions were outside the range of reasonable representation. As a result, this Objection is overruled.

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. # 17) is accepted and adopted, Movant's objections (Doc. # 19) are overruled and the Motion to Vacate (Doc. # 1) as amended (Doc. # 5) is **DENIED** and the Clerk of the Court shall enter judgment accordingly;

**IT IS FURTHER ORDERED** that Movant's Motion to Expand the Record (Doc. # 21) is **DENIED**;

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

DATED this 17th day of March, 2010.

_____
James A. Teilborg
United States District Judge